IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br><br>vs.<br><br>SALVADOR TORRES-GARCIA,<br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING MOTION TO AMEND JUDGMENT AND DENYING MOTION FOR HEARING<br><br>Case No. 2:07-CR-60 TS |

Defendant moves to amend the Judgment imposing his sentence in order to have it run concurrently with his undischarged state sentence. On July 1, 2008, when the Court imposed the federal sentence for possession with intent to distribute cocaine, Defendant was subject to an undischarged indeterminate state sentence of 1-to-15 years for manslaughter. Defendant argues that when the parties negotiated their plea agreement for a sentence of 151 months under Fed. R. Civ. P. 11(c)(1)(C), they anticipated that, upon imposition of the federal sentence, the State of Utah would then immediately parole Defendant into his federal detainer or allow Defendant to begin serving his federal sentence. According to Defendant, the Utah State Board of Pardons has declined

Defendant's request to release him into federal custody so he can begin serving his federal sentence. Defendant argues that the State's refusal is contrary to the intent of the parties when they entered in the federal plea agreement. Accordingly, Defendant requests that this Court amend Defendant's Judgment nunc pro tunc to make his federal sentence concurrent with the undischarged state sentence. The government has not responded.

A nunc pro tunc order is "reserved for situations where a clerical error in a judgment, order, or other part of a record requires correction."[1] No such clerical errors occurred here. A concurrent sentence was not a term of the Rule 11(c)(1)(C) plea agreement. At the sentencing hearing, the parties informed the Court of the following: that Defendant had already unsuccessfully sought the relief before the State Board of Pardons; that Defendant's counsel was planning to request that the Board of Pardons terminate the state sentence or parole Defendant into federal custody so he could begin serving his federal sentence; and that the government agreed to also recommend to the state to have its sentence run concurrently. The Court specifically clarified that Defendant was not requesting that this Court impose a concurrent federal sentence.

The parties' intention or expectation regarding how the Utah State Board of Pardons and Parole would subsequently handle Defendant's separate state sentence does not create a clerical error in his federal sentence. Thus, there is no basis for this Court to issue

---

[1] *United States v. Carpenter*, 164 Fed. Appx. 707, 709, 2006 WL 148301, 2 (10th Cir. 2006) (citing Fed.R.Crim.P. 36 (governing the correction of clerical errors)). In this case, as in *Carpenter*, Defendant sought a nunc pro tunc order to make his sentence consecutive to a previously imposed sentence. Therefore, the Court finds the unpublished *Carpenter* case to be persuasive.

an order nunc pro tunc.

Further, the Court simply "does not have inherent authority to modify a previously imposed sentence."[2] Rather, this Court "is authorized to modify a defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[3] Defendant has not shown grounds under which this Court would have jurisdiction to amend the Judgment imposing his sentence. It is therefore

ORDERED that Defendant's Motion to Amend Judgment (Docket No. 55) and Defendant's Motion for Hearing (Docket No. 58) are DENIED.

DATED July 27, 2009.

BY THE COURT:

TED STEWART
United States District Judge

---

[2]*United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997).

[3]*United States v. Blackwell*, 81 F.3d 945, 948 (10th Cir. 1996).