IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| UNITED STATES OF AMERICA, Plaintiff, v. SALVADOR TORRES-GARCIA, Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND REQUESTS TO POSTPONE<br><br>Case No. 2:07-CR-60 TS<br><br>District Judge Ted Stewart |
|---|---|

This matter is before the Court on Defendant's Motion to Dismiss and his two requests to postpone ruling on his Motion to Dismiss. For the reasons discussed below, the Court will deny Defendant's Motion as well as his requests.

I. BACKGROUND

On January 31, 2007, Defendant was named in a four-count Indictment charging him with possession with intent to distribute a controlled substance, aiding and abetting, possession of a firearm/ammunition by a restricted person, and illegal reentry of a deported alien. On April 8, 2008, Petitioner pleaded guilty to Count I of the Indictment pursuant to Fed.R.Crim.P. 11(c)(1)(C). As part of the plea agreement, the parties agreed to a sentence of 151 months' imprisonment. The Court accepted Petitioner's plea and sentenced him to 151 months' custody on July 1, 2008. Judgment was entered the following day. Petitioner did not pursue direct appeal.

Defendant filed a motion under 28 U.S.C. § 2255 on June 9, 2010, raising two claims of ineffective assistance of counsel. The Court denied Defendant's motion on September 27, 2011.

1

Defendant filed the instant Motion on July 14, 2014. Defendant argues that the Court must dismiss the Indictment based on a violation of the Tenth Amendment. The government responded to Defendant's Motion on July 29, 2014. On August 28, 2014, and again on September 10, 2014, Defendant requested the Court postpone ruling on his Motion, arguing that the institution in which he is housed was on a mandatory lockdown. Defendant has not provided the Court with any further information since his September 10, 2014 request.

## II. DISCUSSION

Defendant seeks dismissal of the Indictment in his case, arguing that his conviction was obtained in violation of the Tenth Amendment. Because Defendant's Motion seeks to attack his underlying conviction, the Court construes Defendant's Motion as one brought pursuant to 28 U.S.C. § 2255.[1] However, as stated, Defendant has already brought a § 2255 motion. Therefore, the Court construes the instant Motion as a second or successive § 2255 motion.[2]

"Before a federal prisoner may file a second or successive motion under § 2255, the prisoner must first obtain an order from the appropriate court of appeals authorizing the district

---

[1] A § 2255 motion is one
claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.
28 U.S.C. § 2255(a).

[2] The Court recognizes that generally the Court must notify a litigant if it intends to recharacterize the pleading as a § 2255 motion. *See Castro v. United States*, 540 U.S. 375, 383 (2003). In this case, however, lack of notification of the recharacterization will not prejudice the Petitioner because this is his second motion and he has not obtained an order from the Tenth Circuit authorizing the Court to consider the Motion. *See United States v. Martin*, 357 F.3d 1198, 1200 (10th Cir. 2004). Additionally, since this is Petitioner's second § 2255 Motion, the concerns that require notification in the first instance are not at issue. *See United States v. Torres*, 282 F.3d 1241, 1245–46 (10th Cir. 2002).

court to consider the motion."³ "A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until [the appropriate court of appeals] has granted the required authorization."⁴ However, before transferring a second or successive motion under § 2255 to the appropriate court of appeals for authorization, the Court must consider whether it is in the interest of justice to do so.⁵

The Tenth Circuit has delineated factors a court should consider in determining whether it is in the interest of justice to transfer a second or successive § 2255 motion. These factors include:

> whether the claims would be time barred if filed anew in the proper forum, whether the claims are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of the filing the court lacked the requisite jurisdiction.⁶

Considering these factors, the Court finds that it is not in the interest of justice to transfer Defendant's Motion.

First, Defendant's claims would be time barred if filed. 28 U.S.C. § 2255(f) provides,

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of—
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

³ *In re Cline*, 531 F.3d 1249, 1250 (10th Cir. 2008).

⁴ *Id.* at 1251.

⁵ *See* 28 U.S.C. § 1631.

⁶ *In re Cline*, 531 F.3d at 1251.

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.[7]

Petitioner relies on the recent Supreme Court decision of *Bond v. United States*,[8] to support his Motion. In *Bond*, the Supreme Court held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States."[9] However, *Bond* did not establish a new right recognized by the Supreme Court. Rather, "the Court made clear that none of its precedents would have barred standing. It stated that '[t]here is no basis in precedent or principle to deny [the defendant's] standing to raise her claims.'"[10] Therefore, Defendant's Motion is untimely.

Next, the Court considers whether the claims are likely to have merit. Section 2255(h) requires a federal prisoner seeking authorization to file a second or successive petition to demonstrate that his proposed claims either depend on "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense"[11] or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."[12]

---

[7] 28 U.S.C. § 2255(f).

[8] 131 S. Ct. 2355 (2011).

[9] *Id.* at 2360.

[10] *United States v. Ricketts*, 494 F. App'x 876, 877 (10th Cir. 2012) (quoting *Bond*, 131 S. Ct. at 2367).

[11] 28 U.S.C. § 2255(h)(a).

[12] *Id.* § 2255(h)(b).

Petitioner does not point to any newly discovered evidence but, as stated, relies on the recent Supreme Court decision *of Bond v. United States*. *Bond* does not recognize a new rule of constitutional law. Rather, as discussed, Bond held that individuals indicted for violating a federal statute have standing to challenge the validity of that statute on "grounds that, by enacting it, Congress exceeded its powers under the Constitution, thus intruding upon the sovereignty and authority of the States."[13] Even if *Bond* did create a new rule of constitutional law, it has not been made retroactive to cases on collateral review.

Considering the merits of Defendant's argument, his Motion still fails. *Bond* only provides that an individual has standing to challenge a law on the grounds that Congress exceeded its powers under the Constitution. The Supreme Court did not rule that such challenges would necessarily succeed.

In this case, Defendant ultimately pleaded guilty to possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841. The Tenth Circuit has repeatedly upheld § 841 against challenges brought under the Tenth Amendment.[14] Therefore, Defendant's claim lacks merit.

Finally, the Court finds that Petitioner's claims were not brought in good faith for substantially the same reasons already stated. Based on the above, the Court finds that it is not in the interest of justice to transfer Petitioner's Motion.

---

[13] *Bond*, 131 S. Ct. at 2360.

[14] *See United States v. Wacker*, 72 F.3d 1453, 1475 (10th Cir. 1995).

### III.  CONCLUSION

It is therefore

ORDERED that Defendant's Motion to Dismiss (Docket No. 67) and requests to postpone (Docket Nos. 69 and 70) are DENIED.

DATED this 7th day of October, 2014.

BY THE COURT:

*[signature]*

Ted Stewart
United States District Judge