IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>SALVADOR TORRES-GARCIA,<br><br>Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION FOR SENTENCE REDUCTION<br><br>Case No. 2:07-CR-60 TS<br><br>District Judge Ted Stewart |

This matter is before the Court on Defendant's request for a sentence reduction. "A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."[1] 18 U.S.C. § 3582(c)(1)(A) allows the Court to modify a term of imprisonment under certain circumstances. Relevant here,

> the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction.

Where, as here, a defendant has fully exhausted their administrative rights, the Court may reduce a defendant's term of imprisonment where: (1) "extraordinary and compelling reasons" warrant a sentence reduction; (2) the sentence reduction is consistent with "applicable policy

---

[1] *United States v. Blackwell*, 81 F.3d 945, 947 (10th Cir. 1996) (citations omitted).

1

statements issued by the Sentencing Commission;" and (3) the reduction is consistent with the Court's consideration of the 18 U.S.C. § 3553(a) factors.[2] The Court has the authority to exercise its independent discretion to define the term "extraordinary and compelling reasons."[3]

Defendant requests a sentence reduction based on the Bureau of Prisons ("BOP") failing to give him credit against his sentence for time spent in state custody. Ordinarily, "[r]equests for sentence credit . . . must be presented to the Attorney General (or [his] delegate, the Bureau of Prisons), and adverse decisions may be reviewed by an action under 28 U.S.C. § 2241 . . . ."[4] A petitioner brought under 28 U.S.C. § 2241 "must be filed in the district where the prisoner is confined."[5]

Assuming the Court has the authority under § 3582(c)(1)(A), to reduce Defendant's sentence based on the BOP's failure to provide sentence credit, the Court finds that this is not an extraordinary and compelling reason for a sentence reduction. Defendant has always had the ability to challenge the BOP's sentence calculation in a § 2241 proceeding. He "cannot do an end-run around the requirements of § 2241 by invoking § 3582(c)(1)(A)(i), and he cites no cases finding extraordinary and compelling reasons for a sentence reduction in a similar situation."[6]

---

[2] 18 U.S.C. § 3582(c)(1)(A); *see also United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021).

[3] *See McGee*, 992 F.3d at 1045 (holding district courts "have the authority to determine for themselves what constitutes 'extraordinary and compelling reasons,' but that this authority is effectively circumscribed by . . . the requirement that a district court find that a reduction is consistent with applicable policy statements issued by the Sentencing Commission").

[4] *United States v. Storm*, 281 F. App'x 830, 832 (10th Cir. 2008) (quoting *Romandine v. United States*, 206 F.3d 731, 736 (7th Cir. 2000)).

[5] *Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996).

[6] *United States v. Wolfe*, Case No. 1:15-cr-00169-TWP-DML, 2020 WL 2615010, at *4 (S.D. Ind. May 22, 2020).

Defendant also points to the restrictions imposed during the COVID-19 pandemic. "While his concerns are understandable, they are not 'extraordinary and compelling.'"[7] Further, "the mere existence of COVID-19"[8] is insufficient to establish extraordinary and compelling reasons for a sentence reduction.

It is therefore

ORDERED that Defendant's Motion for Sentence Reduction (Docket No. 92) is DENIED.

DATED this 31st day of May, 2022.

BY THE COURT:

Ted Stewart
United States District Judge

---

[7] *United States v. Louis*, 523 F. Supp. 3d 140, 141 (D. Mass. 2021).

[8] *United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

3